"Whereas, Glick Bros., a copartnership composed of Moses Glick and Lewis Glick, has been duly adjudged a bankrupt, under the acts of Congress relating to bankruptcy, and appears to have conformed to all the requirements of law in that behalf."

---

### In re GLICK BROS.

(Circuit Court of Appeals, Fifth Circuit. January 13, 1925. Rehearing Denied March 11, 1925.) ,

No. 4450.

Bankruptcy ⊜413(½)—Creditors' withdrawal of opposition does not entitle bankrupt who has fraudulently concealed property to discharge.

Under Bankruptcy Act, § 14b (Comp. St. § 9598), creditors' withdrawal of opposition to discharge of bankrupt does not entitle him to discharge, where judge is convinced that while a bankrupt he has fraudulently concealed from his trustee property belonging to his estate in bankruptcy; such being an offense punishable by imprisonment under section 29b (section 9613).

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

In the matter of the bankruptcy of Glick Bros., a copartnership composed of Moses Glick and Louis Glick. From an order denying an application for discharge in bankruptcy (4 F.[2d] 149), bankrupts appeal. Affirmed.

John Davis, of Dallas, Tex. (W. B. Handley, of Dallas, Tex., on the brief), for appellants.

J. H. Synnott, of Dallas, Tex., for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge.    Bankrupts complain of the denial by the judge of their applications for discharge, after oppositions by creditors to such applications had been withdrawn. A bankrupt is not entitled to a discharge if he has committed an offense punishable by imprisonment as provided in the Bankruptcy Act. Bankruptcy Act, § 14b (Comp. St. § 9598). One's offense in knowingly and fraudulently concealing, while a bankrupt, from his trustee any property belonging to his estate in bankruptcy, is punishable by imprisonment. Bankruptcy Act, § 29b (section 9613). The record warranted the judge in finding that each of the bankrupts committed such offense by knowingly and fraudulently · concealing, while a bankrupt, from his trustee property belonging to his estate in bankruptcy, namely, an interest in a corporation evidenced by stock issued in the name of the mother of the bankrupts, but which was paid for with money belonging to the bankrupts, who were the beneficial owners of such interest at the time of and after their bankruptcy. The withdrawal by creditors of their opposition to a discharge of the bankrupt does not have the effect of entitling the bankrupt to a discharge where the judge is clearly convinced of the commission by the bankrupt of an offense punishable by imprisonment as provided in the Bankruptcy Act. In re Hammerstein, 189 F. 37, 110 C. C. A. 472.

The order appealed from is affirmed.