## SCHLICHT v. DE GROOT et al.
### No. 5389.

Circuit Court of Appeals, Sixth Circuit.
March 5, 1930.

D. S. Face, of Grand Rapids, Mich. (Jewell, Face, Messinger & Grettenberger, of Grand Rapids, Mich., on the brief), for appellant.

B. M. Corwin, of Grand Rapids, Mich. (Corwin, Norcross & Cook, of Grand Rapids, Mich., on the brief), for appellees.

Before DENISON and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge.

This is an appeal by a bankrupt from an order of the District Court denying his petition for a discharge.

After the bankrupt had filed his petition for discharge, specifications in opposition thereto were filed by the trustee in bankruptcy and the Vacuum Oil Company, a creditor, jointly, on the ground that the bankrupt had obtained money on credit upon a materially false statement in writing made by him for the purpose of obtaining such credit. At the hearing on these specifications, before the introduction of any proofs, the bankrupt objected to the admission of any testimony in support of such specifications, on the ground that neither the trustee in bankruptcy nor the aforesaid creditor was a proper party in interest or entitled to present such testimony. As the basis for this

objection it was urged, as it is here, that the trustee had not been authorized by the creditors, as required by section 14b of the Bankruptcy Act (11 USCA § 32 (b), to oppose the discharge, and that the claim of such creditor had been paid since the filing of its specifications and hence it had ceased to be a creditor, and that it had indicated its desire to withdraw its objections to such discharge. It was made to appear, by undisputed statements of counsel in open court, that the attorney for the objecting creditor had been authorized by it to file specifications in opposition to the discharge but that after the filing thereof by such attorney, who was also the attorney for the trustee in bankruptcy, the claim of this creditor had been paid and it had requested that its objections be "withdrawn."

The trial court took testimony, offered on behalf of the trustee, and filed a written opinion finding that the evidence sustained the allegations of fact in the specifications and holding that the fact that the objecting creditor had been paid did not prevent the bankruptcy court from denying a discharge where, as here, the court was convinced that such discharge should not be granted. An order was entered reciting the hearing of proofs of the parties upon objections filed to the petition for discharge and denying such discharge. From such order this appeal was taken, on which the bankrupt appears as appellant, and the trustee and the said creditor, by the same counsel, appear as appellees.

■ It is now conceded by the appellees that the trustee in bankruptcy was not duly authorized by the creditors, in the manner prescribed by section 14b of the Bankruptcy Act (11 USCA § 32(b), to oppose this discharge, as the meeting of creditors at which funds were supplied to the trustee for the purpose of opposing such discharge was not called "on the application of any creditor," as required by the provisions of such section. There remains the question, presented by appropriate assignments of error, whether the trial court erred in hearing the evidence offered in support of the specifications in opposition to the discharge, after the sole creditor properly filing such specifications had subsequently been paid and had expressed its desire to abandon such specifications. It is also urged by the bankrupt that the evidence wholly failed to support the material allegations of the specifications.

We are not satisfied that error was committed by the District Court. Section 14b of the Bankruptcy Act [being section 32(b) of Title 11 of the United States Code (11 USCA § 32(b)] includes the following provisions:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the applicant, unless he has * * * obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition: * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt: And provided further, That the trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do by the creditors at a meeting of creditors called for that purpose on the application of any creditor."

It is argued by the bankrupt that, in view of the language of the statute just quoted, the court could not deny a discharge except upon evidence produced by an objecting party having an interest in opposing such discharge, and that as, in the present case, before the taking of any proofs in opposition to the discharge the only party duly objecting to such discharge ceased to have any interest therein, the court was without power to take such proofs or to deny the bankrupt his discharge. We need not, and do not, now decide whether a bankruptcy court may deny a discharge entirely on its own motion and in the absence of any proofs produced by any party in interest in support of specifications duly filed, by some party in interest, in opposition to such discharge. No such case is here presented. Proper specifications were seasonably filed by a creditor who was, at the time of such filing, a party in interest. Although it is not clear from the record whether any formal application for the withdrawal of such specifications was filed, we assume, for the purposes of this opinion, that the objecting creditor sufficiently indicated its wish to abandon and withdraw its objec-

tions and took whatever steps were necessary to that end.

We are of the opinion that when, as here, a creditor has filed specifications in opposition to a discharge, the mere fact that such creditor abandons such opposition or desires to withdraw its objections does not deprive the court of power to deny such discharge. In re Hammerstein, 189 F. 37 (C. C. A. 2); In re Glick Brothers, 4 F.(2d) 151 (C. C. A. 5). We find nothing in the statute which requires such a result, and we think that when a creditor has thus formally disclosed to the court and to other creditors alleged facts which, if established, show that the bankrupt is not legally entitled to a discharge, it would be clearly contrary to the purpose and intent of the Bankruptcy Act to permit such creditor, at least without leave of the court, to prevent other parties in interest from proving, by proper evidence, the facts so alleged. The filing of such specifications by one creditor may well suggest to others a supposed removal of any necessity, on their part, to file separate specifications on the same grounds, with resultant prejudicial injury to them if the withdrawal of the objecting creditor deprive them of the benefit of the withdrawn objection which they may have reasonably expected would be proved by such objecting creditor or by themselves. To permit such withdrawal, with such injurious effect on other parties in interest, would obviously furnish an incentive for collusive or preferential transactions between bankrupts and objecting creditors and would tend to discourage that co-operation in a common cause, and that equality of treatment and of benefit, which the Bankruptcy Act is designed to promote.

While it is not now necessary to determine whether there might conceivably be circumstances under which a court would be warranted in permitting a requested withdrawal of objections to a discharge so as to entitle a bankrupt to such discharge, we cannot doubt that where, as here, it appears that the request for such withdrawal is prompted by the fact that the claim of the objecting creditor has been paid, and that therefore such creditor has ceased to have a pecuniary interest in opposing the discharge, considerations too apparent to require discussion require that such permission for such withdrawal should be denied. In re Sanborn (D. C.) 131 F. 397.

We think it also clear that where specifications in opposition to a discharge have been properly filed by a party in interest and such party abandons the prosecution of such specifications or fails to produce evidence in support thereof, any other party in interest may present such evidence, in the same manner and with the same effect as if it had been offered by the originally objecting creditor. In re Guilbert (D. C.) 154 F. 676; In re Ruhlman (C. C. A.) 279 F. 250. As therefore in the present case such specifications had been duly filed by the objecting creditor, and the latter evinced its intention to offer no proofs in support thereof, we see no reason why the attorney for such objecting creditor, who was also the attorney for the trustee in bankruptcy, and therefore was acting also on behalf of all creditors, could not offer such proofs, and we think that the District Court was right in hearing and considering the evidence so offered and in determining whether it established the allegations of the specifications on file in the cause. We do not overlook the fact that the trustee had been discharged as such, by an order of the referee in bankruptcy, prior to this hearing, but we are satisfied that, assuming that the referee had the power to discharge him, he or his counsel could still act lawfully as agent for the creditors in presenting this evidence.

We have carefully examined the record and cannot say that the evidence requires or compels a different conclusion than that the bankrupt had obtained money on credit by making materially false statements in writing respecting his financial condition, as charged in the specifications in question and as found by the District Court. The contention of the bankrupt cannot be sustained.

We are of the opinion that no error was committed by the District Court, and its judgment is affirmed.