**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No.  03-1201

PHALY POY,
Plaintiff, Appellant,

v.

JOHN BOUTSELIS, ET AL.,
Defendants, Appellees.

No.  03-1243

JOHN BOUTSELIS, ET AL.,
Defendants, Appellants,

v.

PHALY POY,
Plaintiff, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Robert E. Keeton, Senior U.S. District Judge]

Before
Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Thomas J. Freda with whom Joseph W. Monahan, III and Monahan
& Padellaro were on brief for John Boutselis.
Mark W. Miller with whom Howard B. Wernick was on brief for
Phaly Poy.

February 13, 2004

**Per Curiam**.  As a result of plaintiff's success in his appeal from the district court's denial of attorney's fees, he has filed a request for attorney's fees on appeal in the amount of $23,800. Accompanying the request are billing ledger pages detailing the dates, time spent, and subject matter of counsel's work.  Counsel Mark W. Miller has supplied an affidavit describing his experience and stating that his professional fees are calculated at $175 an hour.  The ledger entries for work on plaintiff's appeal total 136 hours.  No opposition to the request has been submitted.

We undertake our own assessment, being guided by "the numbers of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In light of the absence of any objection, we see no reason to question the hourly rate of $175.  Nor do we "attempt a comprehensive accounting of each asserted expenditure of time and funds, annotated with our view of the labor's real worth." Ackerly Communications of Mass., Inc. v. City of Somerville, 901 F.2d 170, 171 (lst Cir. 1990).  In this case there are no special circumstances warranting extended discussion. Our basic inquiry is to determine the time reasonably required by the issues presented.

Plaintiff's attorney Miller performed all the services on appeal; there is no problem of duplicating work.  The records kept are meticulous, although at some point not particularly descriptive of the nature of work done.  Much of the work was directed at

issues raised by defendants in their own appeal. These include a labored statute of limitations argument, a challenge to the evidence supporting damages for emotional distress and punitive damages, and an ill-considered attempt to challenge the denial of attorney's fees to a non-appealing party. The quality of plaintiff's briefs was at a high standard. We think, therefore, that a substantial award is justified.

But we feel obliged to make the following reductions, deeming the reported times excessive. The claim for time spent on plaintiff's opening brief is 46 hours, of which 24 hours at the end were spent on two days for an unspecified miscellany of tasks described simply as reviewing files, editing, revising, checking and formatting. In light of the fact that the factual background was not complex, and the relevant authorities few, we think a reasonable time spent on the opening brief would not exceed 40 hours. The plaintiff's reply brief was longer than the opening brief, partly because it dealt with the variety of issues raised by defendants in their opening brief. But, as we have indicated, some of these issues were insubstantial and do not in our view warrant the 52 hours claimed. We feel that no more than 42 hours should be allowed.

A claim of 18 hours to prepare for oral argument seems to us admirable but not a reasonable amount to impose on an adversary. We reduce the claim by 6 hours. For the 12 hours claimed for work

on defendants' motion to strike and 4 hours work on the present fee application, we allow 14 hours, after a reduction of 2 hours. This reflects, <u>inter</u> <u>alia</u>, a somewhat lower rate for time spent on the present fee application.

In sum, we deem reasonable an expenditure of 108 hours, and approve an attorney's fee of $18,900.