# United States Court of Appeals
## For the First Circuit

No. 08-1498

LATIN AMERICAN MUSIC COMPANY, d/b/a Asociación de Compositores y Editores de Música Latinoamericana (ACEMLA); ASOCIACIÓN DE COMPOSITORES Y EDITORES DE MÚSICA LATINOAMERICANA (ACEMLA),

Plaintiffs, Appellants,

v.

AMERICAN SOCIETY OF COMPOSERS AUTHORS AND PUBLISHERS,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Baldock[*] and Howard,
Circuit Judges.

Mauricio Hernández Arroyo and Law Offices of Mauricio Hernández Arroyo, on brief for appellants.
Richard H. Reimer, Diego A. Ramos, Fiddler González & Rodríguez, PSC, Stephen S. Young, and Holland & Knight LLP, on brief for appellee.

December 28, 2010

---

[*]Of the Tenth Circuit, sitting by designation.

**PER CURIAM**.  In this copyright case, plaintiff Latin American Music Company ("LAMCO") has filed its second motion for reconsideration of an order awarding attorneys' fees incurred on appeal in favor of defendant American Society of Composers, Authors and Publishers ("ASCAP").  Once again the motion is denied.

We begin with a brief sketch of the relevant background.[1] As a result of its success defending a favorable jury verdict, ASCAP applied for attorneys' fees incurred on appeal.  LAMCO, however, failed to respond within the time set by our local rules. See First Circuit Local Rule 39.1(b) (requiring response to application for attorneys' fees within thirty days).  We carefully reviewed ASCAP's application, and, after an additional month had passed without response, we granted the application and awarded ASCAP $89,327.52.  Ten days after our order entered, LAMCO filed an objection to ASCAP's application styled as a motion for reconsideration.  LAMCO attributed its tardiness to an "office error," and raised a host of issues challenging the award, including (1) ASCAP's status as a prevailing party, (2) whether ASCAP registered the disputed song,[2] and (3) the overall reasonableness of the award.  We reexamined ASCAP's application in

---

[1]For further background, see Latin Am. Music Co. v. Am. Society of Composers Authors and Publishers, 593 F.3d 95 (1st Cir. 2010), and Latin Am. Music Co. v. Archdiocese, 499 F.3d 32 (1st Cir. 2007).

[2]"Caballo Viejo," or "Old Horse," a popular folk song in Venezuela.

-2-

light of LAMCO's untimely arguments, but ultimately concluded that the award should stand. Accordingly, we denied LAMCO's motion.

The present motion covers little new ground. LAMCO parrots the same excuse for its late objection, incorporates its earlier arguments against an award, and adds an alternate argument that, if we still think that attorneys' fees are appropriate, we should remand to the district court "for the proper determination of the award." ASCAP counters that LAMCO's arguments lack merit and cross-moves for sanctions on the basis of LAMCO's repeated attempts to revisit the award. See First Circuit Local Rule 38.0 (providing for "appropriate sanctions" in appeals involving vexatious tactics).

The Copyright Act of 1976 permits courts, in their discretion, to award reasonable attorneys' fees to the prevailing party. § 101, 17 U.S.C. § 505 (2006); Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994). A "prevailing party" is one who has "prevailed on the merits of at least some claims," Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164 (1st Cir. 2007) (quoting Buckhannon Bd. & Care Home, Inc. v. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)), no matter whether he be a plaintiff or a defendant. See Fogerty, 510 U.S. at 535 (involving prevailing defendant). A showing of frivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were "objectively weak."

-3-

<u>Garcia-Goyco</u> v. <u>Law Envtl. Consultants, Inc.</u>, 428 F.3d 14, 20 (1st Cir. 2005).

We quickly dispense with LAMCO's arguments. First, there is no serious question that ASCAP prevailed on the merits of LAMCO's copyright claims. ASCAP was therefore a prevailing party for purposes of § 505, and we chose, based on our discretion and the weakness of LAMCO's claims, to award fees. Second, LAMCO's argument that fees are barred because ASCAP failed to timely register the disputed song was fatally underdeveloped, and therefore waived. <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990). Third, LAMCO's challenge to the reasonableness of the award was undermined, if not forfeited, by its own neglect. Its objection was filed thirty-nine days late (a full ten days after we entered the order granting ASCAP's application), and its explanation for the late filing lacked the detail and support one would expect under the circumstances. <u>See</u>, <u>e.g.</u>, First Circuit Local Rule 27(a)(2)(B)(i) (requiring submission of affidavits necessary to support factual assertions in motions).

Finally, LAMCO's request for remand is unwarranted. Although not appropriate in every case, we can award fees incurred on appeal where, as here, the prevailing party has submitted records that establish the reasonableness of the award. <u>See</u>, <u>e.g.</u>, <u>Gamma Audio & Video, Inc.</u> v. <u>Ean-Chea</u>, 11 F.3d 1106, 1119 (1st Cir. 1993) ("under § 505 . . . this court may make an award of

attorney's fees to the prevailing party for services rendered on appeal"); 4 Melville B. Nimmer and David Nimmer, <u>Nimmer on Copyright</u> § 14.10[E] at 14-242 (rev. ed. 2010) ("when the court of appeals is in possession of detailed billing records, it may handle the entire award"); <u>see</u> <u>also</u> <u>Poy</u> v. <u>Boutelis</u>, 92 Fed. App'x 5 (1st Cir. 2004) (per curiam) (awarding attorneys' fees incurred on appeal when prevailing party submitted "billing ledger pages detailing the dates, time spent, and subject matter of counsel's work").

LAMCO's motion for reconsideration is denied.

ASCAP's cross-motion for sanctions is denied.

**<u>So ordered.</u>**