# United States Court of Appeals
## For the First Circuit

No. 10-1780

LATIN AMERICAN MUSIC COMPANY D/B/A, ASOCIACIÓN DE
COMPOSITORES Y EDITORES DE MÚSICA LATINO AMERICANA
(ACEMLA); ASOCIACIÓN DE COMPOSITORES Y EDITORES DE MÚSICA
LATINO AMERICANA,

Plaintiffs, Appellants,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS (ASCAP),

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Mauricio Hernandez Arroyo, and the Law Offices of Mauricio
Hernandez Arroyo, on brief for appellants.
Richard H. Reimer, Diego A. Ramos, Fiddler Gonzáles &
Rodriguez, PSC, Stephen S. Young, and Holland & Knight LLP, on
brief for appellee.

April 21, 2011

**HOWARD**, **Circuit Judge**.  In this copyright case, plaintiff Latin American Music Company ("LAMCO") appeals from orders awarding attorneys' fees incurred below in favor of prevailing defendant American Society of Composers, Authors and Publishers ("ASCAP"). We readily affirm.

## I.  BACKGROUND[1]

We begin by briefly setting the stage.  After successfully defending on appeal a jury verdict finding that it had not infringed, ASCAP moved for attorneys' fees and costs in the district court.  It requested slightly more than $82,000, incurred in pretrial and trial proceedings between 2005 and 2008.  LAMCO opposed the motion.  The district court carefully considered ASCAP's request and agreed with the bulk of it.  The court awarded ASCAP approximately $55,000 in attorneys' fees and taxed $2,000 in costs.

LAMCO moved for reconsideration under Fed. R. Civ. P. 59(e).  The court denied LAMCO's motion, but took the opportunity to modify the fee award.  The court explained that, in its initial order, it had reduced the fees sought for one attorney by ten percent based on "the high percentage of tasks performed by this

---

[1]We assume familiarity with the history of this case, and direct the interested reader to Latin Am. Music Co. v. Am. Soc'y of Composers, Authors and Publishers, 629 F.3d 262 (1st Cir. 2010) (per curiam), Latin Am. Music Co. v. Am. Soc'y of Composers, Authors and Publishers, 593 F.3d 95 (1st Cir. 2010), and Latin Am. Music Co. v. Archdiocese, 499 F.3d 32 (1st Cir. 2007).

partner as compared with those performed by lower-priced associates." On further reflection, however, the court decided against "second-guessing a firm's allocation of tasks where the prevailing party was satisfied with counsel's performance." Accordingly, the court struck that particular reduction and increased the total award, including costs, to just under $62,000.

LAMCO appealed the fee award and the denial of reconsideration.

## II. DISCUSSION

### A.    Timely Registration and Attorneys' Fees

LAMCO's lead argument on appeal is that attorneys' fees are barred because the copyright claim to the disputed song, "Caballo Viejo," was not timely registered.[2] See 17 U.S.C. § 412 (2006). We disagree for two reasons: one of fact and the other of law. As a matter of fact, the copyright was timely registered. As a matter of law, the statute does not apply to a defendant who is successful in defending claims that it infringed.

---

[2]This argument was not sufficiently articulated in the district court. As presented there, the argument consisted of only two sentences, no case citations, and precious little analysis. Arguments of this stock normally are considered waived on appeal. In re Olympic Mills Corp., 477 F.3d 1, 17 (1st Cir. 2007); McCoy v. Mass. Institute of Tech., 950 F.2d 13, 21-22 (1st Cir. 1991). Here, however, the district court did LAMCO's homework, thoughtfully considered the question, and ultimately disagreed. Given these circumstances, and because the question is not a close one, we proceed to address the merits.

Section 412 bars recovery of statutory damages under section 504 and attorneys' fees under section 505 by copyright owners who failed to register the work before the alleged infringement began. Id. § 412(2) (prohibiting certain remedies for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work"); see also Johnson v. Gordon, 409 F.3d 12, 20 (1st Cir. 2005) (recognizing that registration is "a condition precedent for obtaining certain remedies, such as statutory damages and attorneys' fees").

By its plain language, section 412 does not apply in this case. According to LAMCO's complaint, the alleged infringement began in 1994. "Caballo Viejo," however, was registered with the Copyright Office in 1983, more than a decade earlier.

Besides, there is nothing in the statute that prohibits fee awards in cases, like this one, of noninfringement. The reason is obvious: only copyright owners may register their copyright claims, the conduct incentivized by section 412. A defendant accused of infringing someone else's copyright could not possibly comply with the statute's registration criterion. Section 412 thus does not, logically, apply to alleged infringers. See O'Well Novelty Co. v. Offenbacher, Inc., 225 F.3d 655, 2000 WL 1055108, at *7 (4th Cir. Aug. 1, 2000) (unpublished table decision) (holding

that section 412 "only applies to plaintiffs who assert copyright infringement claims and not to defendants who successfully defend against such claims"); Domingo Cambeiro Prof'l Corp. v. Advent, 211 F.3d 1273, 2000 WL 262597, at *4 (9th Cir. Mar. 7, 2000) (unpublished table decision) (affirming fee award to prevailing defendant; explaining that section 412 "does not apply to this case because there has been no finding of infringement"). See generally 4 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 14.10[B][2] (rev. ed. 2010) ("[Section 412] does not speak to a finding of noninfringement. Accordingly, if [the alleged infringer] prevails, nothing on the face of the statute bars awarding fees to it. In this way, the registration requirement is nonsymmetrical."); 6 William F. Patry, Patry on Copyright § 22:204 (2010) (similar).[3]

### B. Prevailing Party Status and Reasonableness

LAMCO also challenges ASCAP's status as a prevailing party and the reasonableness of the fee award. Both challenges fail.

Section 505 permits courts, in their discretion, to award reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505 (2006); Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994). A

---

[3]LAMCO's reliance on M & D Int'l Corp. v. Chan, 901 F. Supp. 1502 (D. Haw. 1995), is misplaced. In Chan, the parties each claimed copyrights in the disputed works, id. at 1504, not performance licenses from third-party copyright owners, as in this case.

"prevailing party" is "one who has 'prevailed on the merits of at least some claims,'" Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 164 (1st Cir. 2007) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)), no matter whether the plaintiff or the defendant prevailed. See Fogerty, 510 U.S. at 535. "A showing of frivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were 'objectively weak.'" Latin Am. Music Co., 629 F.3d at 263 (quoting García-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 20 (1st Cir. 2005)).

Our review of a fee award to a prevailing party is "extremely deferential." García-Goyco, 428 F.3d at 22. "We will disturb a ruling under section 505 only if the record persuades us that the trial court indulged in a serious lapse in judgment." Id. (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 140 F.3d 70, 72 (1st Cir. 1998)).

There is no question that ASCAP is a prevailing party. It initially obtained summary judgment on LAMCO's infringement claims. We affirmed that ruling in significant part, but remanded because of disputed facts concerning one song. On remand ASCAP obtained a favorable jury verdict at trial and successfully defended that verdict in a later appeal. ASCAP then sought attorneys' fees in the district court and submitted detailed billing records establishing the reasonableness of its request.

Based on its discretion and the weakness of LAMCO's claims, the court awarded ASCAP a majority of those fees.  We have carefully reviewed ASCAP's documentation and the court's rescript, and are satisfied that all aspects of the fee award fall comfortably within the court's discretion.

C.    **Motion for Reconsideration**

As its final lament, LAMCO argues that its motion for reconsideration should have been granted.  The hurdle is a high one, see Palmer v. Champion Mortg., 465 F.3d 24, 29 (1st Cir. 2006) ("[T]he movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rending court committed a manifest error of law."), and our standard of review is correspondingly deferential, see id. ("[W]e will not overturn the district court's denial of a motion for reconsideration absent an abuse of discretion.").  Here, the district court was correct that LAMCO's motion, which advanced nothing new or convincing, fell far short.  There was no abuse of discretion.[4]

**Affirmed**.  Costs to appellee.

---

[4]LAMCO claims in passing that the district court's decision sua sponte to increase the fee award was error.  The argument is waived.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").