# United States Court of Appeals
## For the First Circuit

Nos. 10-2234 and 10-2300

T-PEG, INC.; TIMBERPEG EAST, INC.,

Plaintiffs, Appellees/Cross-Appellants,

v.

VERMONT TIMBER WORKS, INC.; DOUGLAS S. FRIANT,

Defendants, Appellants/Cross-Appellees.

STANLEY J. ISBITSKI,

Defendant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Torruella and Thompson, Circuit Judges,
and Saris,[*] District Judge.

William E. Whittington, with whom Whittington Law Associates,
PLLC was on brief, for appellants/cross-appellees.
Daniel E. Will, with whom Jonathan M. Shirley and Devine,
Milliment & Branch, P.A. were on brief, for appellees/cross-appellants.

February 16, 2012

[*] Of the District of Massachusetts, sitting by designation.

**THOMPSON, Circuit Judge**.  Architectural firms T-Peg[1] and Vermont Timber Works[2] (VTW) both appeal the district court's award of fees to VTW following a jury's denial of T-Peg's copyright claim.  T-Peg says the award is too high — the court should have awarded nothing at all rather than risk deterring future copyright claimants.  VTW says the award is too low — the court should have simply applied the lodestar method rather than imposing a reduced award.  We think the award is just right — the district court has broad discretion to fashion an appropriate fee award under the Copyright Act, and its reasoned conclusion here was far from an abuse of that discretion.  We therefore affirm.

Because this is an appeal from a fee award, we present only enough discussion of the underlying facts to provide the reader with some context.[3]

Stanley Isbitski wished to build his dream house on a plot of land he owned in Salisbury, New Hampshire.  To this end, he consulted with both T-Peg and VTW.  T-Peg drew up a preliminary design in 1999 and then worked with Isbitski to refine the design.

---

[1] There are actually two related entities, T-Peg and Timberpeg East, Inc., but we refer to the entities collectively as "T-Peg" for convenience.

[2] Both Vermont Timber Works, Inc. and its president Douglas S. Friant are parties, but we refer to them collectively as "VTW" for convenience.

[3] Those craving more detail are directed to our earlier decision addressing the merits of the case, T-Peg, Inc. v. Vt. Timber Works, Inc., 459 F.3d 97 (1st Cir. 2006).

In May 2001, T-Peg registered its updated design with the Copyright Office. Meanwhile, in 2000, Isbitski showed T-Peg's unregistered preliminary design to VTW, which began working on its own design. VTW completed its plan in 2002 with significant, minutely detailed input from Isbitski. Construction began not long thereafter but was only completed after the property had been sold to a Mr. Dupee; at that point, the home apparently reflected T-Peg's registered design.

On October 23, 2003, T-Peg sued VTW and Isbitski for copyright infringement. On February 9, 2005, the district court granted summary judgment for VTW and Isbitski, concluding inter alia that no reasonable jury could find that T-Peg's and VTW's designs were substantially similar. T-Peg appealed, and we reversed. T-Peg, Inc. v. Vt. Timber Works, Inc., 459 F.3d 97, 102 (1st Cir. 2006). Interpreting the Architectural Works Copyright Protection Act (Pub. L. No. 101-650, §§ 701-706, 104 Stat. 5089, 5133-34 (1990)) for the first time, we held that a jury could find, whether by direct or indirect evidence, that VTW had copied T-Peg's design. Id. at 111-16. Accordingly, we remanded for trial. Id. at 116.

After considerable delay involving more dispositive motions, some mediation efforts, and an attempt at an interlocutory appeal, the case went to trial on September 17, 2009. Six days later, the jury found in VTW's favor and rejected T-Peg's

infringement claims. VTW moved for fees that the district court, in its discretion, may grant the prevailing party in a copyright claim. 17 U.S.C. § 505. VTW voluntarily deducted certain fees from its request but still sought over $200,000, a steep sum for a case involving only $66,350 in damages. T-Peg opposed the motion, arguing that equitable principles (e.g., the absence of any bad faith on T-Peg's part) called for the court to exercise its discretion to deny any fee award entirely.

In a fifteen-page order, the district court granted VTW a fee award of $35,000. In doing so, the court carefully considered the extent to which VTW actually prevailed, weighed the equities as urged by T-Peg, and ultimately concluded that its "modest award" struck the "appropriate balance." Both parties appealed, T-Peg challenging the grant of any award at all and VTW challenging the award's amount. We have jurisdiction under 28 U.S.C. § 1291.

The Copyright Act allows a district court, in its discretion, to "award a reasonable attorney's fee to the prevailing party" in a copyright-infringement case. 17 U.S.C. § 505. In Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 & n.19 (1994), the Supreme Court provided a non-exclusive list of essentially equitable factors to guide the lower courts in deciding whether or not to award attorney's fees, and if so how much. See also Matthews v. Freedman, 157 F.3d 25, 29 (1st Cir. 1998) (affirming

-4-

the district court's application of the Fogerty factors as a "rational explanation for its decision to award fees" and "equally so as to the amount awarded — $25,000 out of the $60,000 originally sought"). Specifically, these factors are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19 (internal quotation marks omitted).

Because the district court has broad discretion to fashion an appropriate award in line with the Fogerty factors, our abuse-of-discretion review is "'extremely deferential.'" Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 109 (1st Cir. 2011) (quoting Latin Am. Music Co. v. ASCAP, 642 F.3d 87, 91 (1st Cir. 2011)). Indeed, we will set aside a fee award "'only if it clearly appears that the trial court ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them.'" Id. at 108 (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292-93 (1st Cir. 2001)). With these principles in mind, we proceed.

T-Peg argues that no award was appropriate because the district court applied a factor it says was improper: whether a fee award would "deter plaintiffs with reasonable claims, and

-5-

defendants with meritorious defenses, from litigating in a manner greatly disproportional to the matter at stake."  Although the district court's reasoning flows directly from one of the Fogerty factors — "considerations of compensation and deterrence," see Fogerty, 510 U.S. at 534 n.19 — T-Peg nevertheless protests that Fogerty does not allow a district court to use a fee award as a mechanism for deterring certain trial strategies.[4]

T-Peg's protest is groundless.  The Copyright Act allows the district court to impose a "reasonable" fee award.  The Supreme Court has said broadly that a district court may consider principles of deterrence in exercising its discretion to fashion a reasonable award.  T-Peg cites no law for the proposition that a district court may deter only out-of-court and bad-faith conduct. To the contrary, other courts have specifically held that a district court applying Fogerty and its progeny may fashion a fee award for the purpose of discouraging "overly aggressive litigation tactics" and encouraging parties "to litigate in a more responsible, realistic manner." Bridgeport Music, Inc. v. WB Music Corp., 520 F.3d 588, 595 (6th Cir. 2008); cf. Woodhaven Homes & Realty, Inc. v. Hotz, 396 F.3d 822, 824 (7th Cir. 2005) (remanding

---

[4] T-Peg also argues that its litigation tactics were not, in fact, "disproportional to the matter at stake."  But the district court was in the best position to assess the reasonableness of T-Peg's litigation tactics, and we decline to reheat the by now freezer-burnt record in order to second-guess almost a decade's worth of motions and objections.

-6-

for the imposition of an attorney-fee award with the caveat that the requested amount, "over $220,000, seems quite excessive," given that the plaintiff "claimed only $55,000 in damages"). Commentators agree. See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.10[D][3][b] (2011) (noting that "hard-ball litigation tactics . . . merit an award of fees"). Despite T-Peg's protestations, for the district court to rely on the same principles here was simply not an abuse of discretion.[5]

For its part, VTW argues that by diverging from the lodestar method for determining attorney fees, the district court violated our "strong preference" for that method and therefore

---

[5] T-Peg advances a few other arguments worth only brief mention.

First, it says that deterring trial tactics is unrelated to the Copyright Act's purpose: "to encourage the production of original literary, artistic, and musical expression for the good of the public." Fogerty, 510 U.S. at 524. But it hardly violates that purpose to discourage scorched-earth litigation tactics that tie up intellectual property for years.

Second, T-Peg says the determination of what constitutes excessive litigation tactics is an "unworkable" exercise. The exercise may be unworkable in some cases, but not so here: the district court explained its reasoning, and its explanation makes sense.

Finally, T-Peg says briefly that the fee award was inappropriate because a magistrate judge had represented during settlement negotiations that there would be no such award. T-Peg cites no authority for this proposition, and we decline to mount an expedition in search of any. The argument is waived. See, e.g., Rodríguez v. Municipality of San Juan, 659 F.3d 168, 176 (1st Cir. 2011) (citing Town of Norwood v. Fed. Energy Reg. Comm'n, 202 F.3d 392, 404-05 (1st Cir. 2000)).

abused its discretion.[6]  True, the lodestar method provides "the conventional framework that courts use in fashioning fee awards . . . ."  Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).  But that does not mean it is the only method.  See Hensley v. Eckerhart, 461 U.S. 424, 433, 436-37 (1983) (describing the lodestar method as a "useful starting point" but eschewing any "precise rule or formula," and reaffirming district courts' "discretion in making th[e] equitable judgment" of what fees to award)[7]; see also Fogerty, 510 U.S. at 534 (quoting Hensley's rejection of any "precise rule or formula" and again reaffirming the importance of "equitable discretion").  Instead, district courts have discretion to fashion an appropriate award as long as they explain their reasoning in accordance with the equitable principles spelled out by the Supreme Court and that reasoning holds up to scrutiny.  Fogerty, 510 U.S. at 534 & n.19; see also Matthews, 157 F.3d at 29; Bridgmon v. Array Sys. Corp., 325 F.3d 572, 577-78 (5th Cir. 2003) (affirming award of $50,000 out of a requested $177,507 because the district court based the award's

_____

[6] In brief, the lodestar method "requires the district court to ascertain the number of hours productively expended and multiply that time by reasonable hourly rates."  Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir. 2011).

[7] Although Hensley involved an attorney-fee award under the Civil Rights Act, "[t]he standards [it] set forth . . . are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'" — as in the Copyright Act.  Hensley, 461 U.S. at 433 n.7.

-8-

amount on the Fogerty factors). Indeed, the cases VTW relies on stand not for the principle that a district court's failure to apply the lodestar method is an abuse of discretion, but rather that a court's failure to provide an adequate explanation for a fee award is such an abuse. Janney Montgomery Scott LLC v. Tobin, 571 F.3d 162, 166 (1st Cir. 2009) ("the district court's lack of explanation ma[de] it impossible to assess" the fee award); Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 336 n.2, 342 (1st Cir. 1997) (the district court based its award on "the equities involved" but did not elaborate on what that phrase meant, and "offered no plausible reason for eschewing the lodestar method").

Here, the district court provided plenty of reasoning in support of its award. It faithfully applied the Fogerty factors — again, "frivolousness, motivation, objective unreasonableness[,] . . . and . . . compensation and deterrence," Fogerty, 510 U.S. at 534 n.19 (internal quotation marks omitted) — one by one. First it determined that "plaintiffs' copyright infringement claim was a reasonable and viable one" (and therefore neither frivolous nor unreasonable)[8]; next it "reject[ed] the notion that the plaintiffs' pursuit of their claim was motivated by any improper purpose"; and finally it carefully considered principles of "compensation and

---

[8] In fact, in a show of evenhandedness, the court credited plaintiffs with the "noteworthy success" of having "obtained an extensive and detailed explication and clarification of the law — one largely favorable to their own general interest," even though their particular claims here failed to win the day.

deterrence," concluding that a $35,000 award would be "sufficient to both encourage innocent defendants to (reasonably) present and pursue meritorious defenses, without discouraging copyright owners from (reasonably) seeking to enforce their rights when a sound basis to assert a claim exists . . . ." And the district court elaborated on its decision to invoke deterrence, expressing its intent "to deter plaintiffs with reasonable claims, and defendants with meritorious defenses, from litigating in a manner greatly disproportional to the matter at stake . . . ." The district court's explanation and analysis were more than sufficient under Fogerty, were not just reasonable but thoughtful, and, in any event, certainly do not indicate an abuse of discretion.

For the foregoing reasons, we **affirm** the district court's attorney-fee award. VTW seeks a further attorney-fee award on appeal, but it supplies no clear reason for us to grant this request and we can discern none. We think $35,000 seems "an adequate sum . . . for the litigation as a whole . . . ." Matthews, 157 F.3d at 29. We therefore decline to make any further award of fees, and likewise order that each party shall bear its own costs.

**So ordered.**