NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 12-3135 & 12-3781

———————————

AMERICAN BOARD OF INTERNAL MEDICINE

Appellee/Cross-Appellant (12-3781)

v.

SARAH VON MULLER, M.D.

Appellant (12-3135)/Cross-Appellee

v.

CHRISTINE K. CASSEL, M.D.; LYNN O. LANGDON, M.S.;
ERIC S. HOLMBOE, M.D.

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-02680)
District Judge: Honorable J. Curtis Joyner

———————————

Argued April 17, 2013

Before: AMBRO, HARDIMAN, and COWEN, <u>Circuit Judges</u>

(Opinion filed: September 12, 2013)

Glenn A. Ellis, Esquire
Aaron J. Freiwald, Esquire  (**Argued**)
Layser & Freiwald
1500 Walnut Street, 18th Floor
Philadelphia, PA  19102

        Counsel for Appellant/Cross-Appellee

Hara K. Jacobs, Esquire  (**Argued**)
Ballard Spahr

1735 Market Street, 51st Floor
Philadelphia, PA  19103


Counsel for Appellee/Cross-Appellant

—————————

OPINION

—————————

AMBRO, <u>Circuit Judge</u>

A jury found Sarah Von Muller, M.D., infringed the copyrighted exam questions of the American Board of Internal Medicine ("ABIM"), and granted it, among other things, copyright damages.  ABIM then filed a request for attorneys' fees to be paid by Von Muller.  The District Court, concluding that the number of hours expended by ABIM's attorneys was excessive and redundant, refused ABIM's requested fee amount ($371,049), and instead ordered Von Muller to pay counsel fees equal to half the amount awarded by the jury on ABIM's copyright claim (the jury awarded $82,446, making the fee award $41,223).  For the reasons that follow, we vacate the District Court's fee decision and remand for redetermination of the attorneys' fees to which ABIM is entitled.[1]

## I.    BACKGROUND

---

[1] Von Muller appealed from numerous orders of the District Court on the merits, and ABIM filed a cross-appeal contesting the District Court's ruling on its fee petition.  We granted oral argument on the sole issue of attorneys' fees; we likewise limit our discussion herein to the fee award.  With respect to Von Muller's appeal, we summarily reject the challenges raised.  We grant Von Muller's motion to supplement the Joint Appendix with a copy of ABIM's proposed verdict form, although consideration of this supplemental material does not affect our analysis of the arguments on appeal.

Because we write solely for the parties, we note only those facts relevant to our decision. ABIM grants board certification in internal medicine and its subspecialties to physicians. To become board certified in any area of practice, physicians must pass ABIM's certifying exam. Because questions often appear on multiple exams over the course of several years, ABIM requires physicians taking a certifying exam to agree not to disclose any questions on it, and copyrights its questions. After seeing test questions it believed were copied from its board certification exams on the website of test-prep company Arora Board Review ("Arora"), ABIM discovered numerous physicians—one of whom was Von Muller—had compromised its exam questions in some capacity. ABIM suspended the board certifications of all identified physicians and filed several lawsuits, including this one against Von Muller.

ABIM claimed copyright infringement, misappropriation of trade secrets, and breach of contract against Von Muller for copying and disclosing questions from its November 2008 subspecialty examination in gastroenterology. The basis of ABIM's claims was that Von Muller had purchased from Arora materials represented as being from previous gastroenterology exams while preparing for the exam and, after taking the exam, had sent Arora a document in which she had reproduced substantial portions of fifty questions that appeared on its gastroenterology exam. Von Muller asserted eleven counterclaims against ABIM, including, *inter alia*, commercial disparagement and defamation. The parties proceeded all the way to trial—the jury found in favor of ABIM, awarding it $82,446 in copyright damages (and an additional $8,668 on its contract

3

claim), and rejected all of Von Muller's counterclaims.  Her various post-trial motions challenging the jury's verdict were denied by the District Court.

ABIM filed a post-verdict fee petition requesting attorneys' fees related to its copyright claim.  Although it claimed it expended more than $850,000 in litigation and post-trial legal fees, ABIM requested a fee award of $371,049.  This request was based on what it purported to be "a highly conservative approach" to calculating a "lodestar," *i.e.*, the number of hours reasonably expended times a reasonable hourly rate.  Von Muller opposed the fee petition.  Although she did not object to the hourly rates charged by ABIM's counsel, she did challenge the number of hours they expended on the litigation.  Von Muller argued that the attorneys' time was inadequately documented, and that much of it was excessive and redundant.

Although the District Court granted ABIM's request for attorneys' fees, it awarded but $41,223.  The Court agreed with Von Muller that the number of hours expended by ABIM's attorneys was unreasonable, pointing to several examples of what it deemed to be excessive and unclearly documented billing entries, and indicating that "[t]here are numerous other examples of such . . . entries which are too numerous to mention in this Memorandum."  J.A. at 959–61.  It thus found the time spent by ABIM's counsel to be unreasonable and, no surprise, declined the requested fee award of $371,049.  The Court did not specify, however, the total number of hours it found excessive or redundant, nor did it calculate an adjusted lodestar after excluding such time.

Instead, to determine the fee amount, the District Court directly moved to considering the discretionary factors we set out in *Lieb v. Topstone Industries, Inc.*, 788

4

F.2d 151 (3d Cir. 1986): (1) level of litigation complexity; (2) charges assessed to the client and expenses borne by counsel; (3) relative financial strength of the parties; (4) damages; and (5) bad faith. *Id.* at 156 (citations omitted). The Court found several of these factors weighed in favor of adjusting the fee downward, including the circumstances of the case and features specific to Von Muller.

Finally, the Court found that the "gross disparity" between the fees sought by ABIM and the total damages awarded by the jury on the copyright claim ($82,466, or approximately 22% of the requested fees) supported a substantially reduced fee award. J.A. at 963. It concluded "that an award in the amount of one-half the principal amount of the judgment is sufficient under these circumstances to both punish this defendant and send a message of deterrence to potential future violators." *Id.* Accordingly, it ordered Von Muller to pay ABIM $41,223 in attorneys' fees. The parties filed cross-appeals, and, as already noted, we heard argument on the sole issue of the District Court's fee determination.

## II.    JURISDICTION AND SCOPE OF REVIEW

The District Court had jurisdiction over the claims and counterclaims asserted by ABIM and Von Muller, respectively, under 28 U.S.C. §§ 1338(a), 1367(a), and 1332. We have jurisdiction to review the final orders entered by the District Court, including its ruling on ABIM's motion for attorneys' fees, pursuant to 28 U.S.C. § 1291.

We review the reasonableness of an award of attorneys' fees for abuse of discretion, while the legal question of whether a district court applied the proper standards in making a fee determination is subject to *de novo* review. *See Loughner v.*

5

*Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). "A fee award 'is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous.'" *Id.* (quoting *Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 232 (3d Cir. 1998)).

## III.    DISCUSSION

ABIM argues the District Court erred by failing to calculate a lodestar figure (after excluding unreasonably spent time) and by using a "proportionality" analysis in setting the fee amount (*i.e.*, a ratio between the fees and the damages awarded). As explained below, we agree—reluctantly—that the fee award here needs to be reconsidered.

### A.    Fee-Shifting Under the Copyright Act

The Copyright Act is one of many federal statutory schemes that provide an exception to the general rule that litigants bear their own expenses regardless whether they win or lose, and allows for the shifting of fees from one party to another. "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Copyright Act § 101, 17 U.S.C. § 505. Thus, to recover attorneys' fees under the Copyright Act, parties must be considered "prevailing," *i.e.*, "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Even prevailing parties are not automatically entitled to attorneys' fees, however, as whether to grant a fee request is a discretionary decision left to the district courts. *See Lieb*, 788 F.2d at 156. In exercising its discretion to decide whether to award attorneys'

6

fees, district courts are to consider "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (quoting *Lieb*, 788 F.2d at 156).

**B.**     **Determining a "Reasonable" Award of Attorneys' Fees**

Once it has decided that an award of counsel fees is warranted, a court must determine what amount is "reasonable," and we recognize that "reasonable" connotes a range.  Here the District Court acknowledged expressly that the lodestar figure was the starting point for determining a reasonable award.  *See* J.A. at 954.  It also acknowledged that, to calculate the lodestar properly, it was obliged to "'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary.'" *Id.* at 956 (quoting *Evans v. Port Auth.*, 273 F.3d 346, 362 (3d Cir. 2001)).

It is obvious that the Court expended much time and effort reviewing the massive number of billing entries submitted by ABIM.  And while its decision made clear that it found the number of hours claimed by ABIM to be unreasonably high, it nonetheless did not do what it said it would do—*i.e.*, exclude the time it found was unreasonably spent to arrive at an adjusted lodestar figure as a baseline.  Notwithstanding the particular deference with which appellate courts review district courts' fee determinations, *see, e.g.*, *T-Peg, Inc. v. Vt. Timber Works, Inc.*, 669 F.3d 59, 61–62 (1st Cir. 2012), this omission

7

compels us to conclude that we cannot determine whether the fee award here is reasonable.

In addition, we also note the District Court initially selected the fee amount solely by reference to the damages awarded by the jury (50% of the jury's $82,446 copyright award). While *Lieb* designated damages as a relevant factor, we are inclined to conclude that they are more properly considered as an indication of a litigant's degree of success. *Cf. Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1041–42 (3d Cir. 1996) ("[T]he reason why the damage amount is relevant is not because of some ratio that the court ought to maintain between damages and counsel fees. Rather, the reason has to do with the settled principle . . . that counsel fees should only be awarded to the extent that the litigant was successful. The amount of damages *awarded*, when compared with the amount of damages *requested*, may be one measure of how successful the plaintiff was in his or her action, and therefore may be taken into account when awarding attorneys' fees . . . ." (internal citations and quotation marks omitted) (emphases in original)).

With these points in mind, a re-do is what will give us the best chance to assess the reasonableness of the attorneys' fees awarded.

## C.     Recalculating the Fee Award

On remand, the District Court should lay out a quantitative basis as to the time it finds was inadequately documented, excessive, or redundant. In doing so, either "it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per

curiam); *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) ("Despite the "concise but clear" requirement, in cases where a voluminous fee application is filed[,] in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request. Rather, . . . when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." (internal citations and quotation marks omitted)). While blanket percentage reductions should not be ordered in a perfunctory fashion, *see Daggett v. Kimmelman*, 811 F.2d 793, 797 (3d Cir. 1987), they are permissible so long as the court "provide[s] a concise but clear explanation of its reasons for the fee award," *Hensley*, 461 U.S. at 437. This approach stays true to the fact that "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. __, 131 S. Ct. 2205, 2216 (2011).

Although sufficient reasons for selecting a particular percentage reduction must be given, we note that a blanket reduction would be particularly appropriate in a case like this one, where the District Court was faced with hundreds of pages of billing entries and thousands of hours through which it had to wade to assess the reasonableness of the amount of time expended on the litigation. After excluding the time unreasonably expended in calculating the lodestar, the Court remains free to make adjustments based on its assessment of the *Lieb* factors (complexity, litigation costs, financial circumstances, damages, and motive).

\* \* \* \* \*

9

For these reasons, we vacate the District Court's fee award and remand for recalculation of the attorneys' fees to which ABIM is entitled for prevailing on its copyright claim against Von Muller.

*American Board of Internal Medicine v. Von Muller,* Nos. 12-3135/3781
HARDIMAN, *Circuit Judge*, concurring.

I write separately to address the majority's implication that the District Court erred because "[w]hile *Lieb* designated damages as a relevant factor, . . . they are more properly considered as an indication of a litigant's degree of success." Maj. Typescript at 8. The majority bases this statement on *Washington v. Philadelphia Court of Common Pleas*, a civil rights case in which we explained that proportionality between damages and attorneys' fees should not be considered because "success in *civil rights litigation* 'cannot be valued solely in monetary terms.'" 89 F.3d at 1042 n.8 (emphasis added). By contrast, many copyright cases involve no dignitary or constitutional rights, and therefore can be valued solely in monetary terms. In such cases, damages are the best "indication of a litigant's degree of success" and district courts do not err by awarding attorneys' fees in proportion to such damages.